# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:18-cr-00062-MR-DLH-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| LUIS FRANCISCO CAMACHO ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Seal Sentencing Memorandum [Doc. 24].

The Defendant, through counsel, moves the Court for leave to file a Sentencing Memorandum under seal in this case. For grounds, counsel states that the memorandum includes detailed sensitive and private personal information concerning his background, mental health diagnosis and treatment, and history of childhood trauma, as well as personal information concerning other family members. [Doc. 24].

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting

its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). Where sealing is allowed, the defendant is still required to file in the public record a redacted sentencing memorandum with only those portions that are allowed to be sealed having been redacted. See id. at 491-92

In the present case, the public has been provided with adequate notice and an opportunity to object to the Defendant's motion. The Defendant filed his motion on September 27, 2018, and it has been accessible to the public through the Court's electronic case filing system since that time.

The Fourth Circuit has recently addressed the balancing that the Court should undertake in determining what portions, if any, should be redacted from a sentencing memorandum in a criminal case. United States v. Harris, 890 F.3d 480, 492 (4th Cir. 2018). References to a defendant's cooperation are entitled to sealing and should be redacted. No such information, however, is found in the memorandum at issue here. As for other information a defendant seeks to seal, the Court should consider the materiality of the information to an understanding of the Defendant's case. The more significant the information to any relief the Defendant seeks, the less likely it should be placed in the record under seal. For instance, identities of and information regarding a defendant's family members (particularly minors) are

rarely germane to the factors for sentencing and thus would ordinarily be allowed to be redacted. Id. at 492. Here, the Defendant's Memorandum contains the identities of and information regarding his family members, including information concerning his history of childhood trauma. The Memorandum also contains personal information regarding the Defendant's background in the Bureau of Prisons, his mental health treatment, and post-supervision adaptation. However, the Defendant's background in the Bureau of Prisons, his mental health treatment, and post-supervision adaptation are central to Defendant's arguments.

Here, the Defendant has demonstrated that the Memorandum contains the identities of and information regarding his family members, and the public's right of access to such information is substantially outweighed by the Defendant's competing interest in protecting the details of such information. In addition, information concerning the Defendant's history of childhood trauma contained in the Memorandum is likewise entitled to protection. However, the information regarding the Defendant's background in the Bureau of Prisons, his mental health treatment, and post-supervision adaptation are central to the argument the Defendant presents in favor of the relief sought. Therefore, the public's right to know the bases for the actions

of this Court outweigh any privacy interest of the Defendant and the other involved persons.

Having considered less drastic alternatives to sealing the Defendant's Memorandum, the Court concludes that less drastic alternatives to wholesale sealing of the Defendant's Memorandum are feasible.

Accordingly, the Defendant's Motion to Seal Sentencing Memorandum is granted in part and denied in part, and counsel shall be permitted to file the Sentencing Memorandum under seal. However, the Defendant shall also file a publicly accessible version of the Sentencing Memorandum redacting only those portions containing the identities of and information regarding the Defendant's family members, as well as information concerning the Defendant's history of childhood trauma, which are found on pages 3 and 4, and in the third line of Section II on page 8, and in line 1 of the Conclusion on page 9 of the Memorandum.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Seal Sentencing Memorandum [Doc. 24] is **GRANTED IN PART** and **DENIED IN PART**. Specifically, the Defendant's Motion to Seal Sentencing Memorandum is **GRANTED** to the extent that the Sentencing Memorandum shall be filed under seal and shall remain under seal until further Order of the Court. The Defendant's Motion to Seal Sentencing Memorandum [Doc. 24]

is **DENIED** to the extent that the Defendant shall file a redacted version of the Sentencing Memorandum on the public docket prior to the sentencing hearing in this matter.

**IT IS SO ORDERED.**

Signed: October 2, 2018

Martin Reidinger
United States District Judge